## MULLIGAN v. NORTHERN PACIFIC RY. CO.

1. COMMON CARRIER—NOT LIABLE AFTER DELIVERY OF GOODS TO CONSIGNEE.

    Where goods shipped arrive safely at their destination, and are

delivered to and receipted for by the shipper, but by a private arrangement with the baggage man, and without the knowledge or consent of the agent, are left in defendant company's warehouse, it not appearing that the baggage man had authority to accept goods, the company is not liable for their loss.

Filed October 4, 1886.

Appeal from the district court of Ransom county.

*W. P. Clough,* for appellant.

Plaintiff in his testimony expressly admits the delivery of the goods and his receipt therefor. It is undisputed that the agent knew nothing of the arrangement with the baggage man Barr, by which the goods were left in the company's warehouse, and absolutely no evidence that Barr had any authority to bind the company by any arrangement for storage of the goods.

*Goodwin, Van Pelt & Gammons,* for respondent.

We understand defendant to claim that the signing of the receipt, by plaintiff, constituted a constructive delivery of the goods, and that if he then left any portion in the defendant's depot, he did so at his own risk and defendant would not be liable if they were afterwards lost. The main question of fact litigated upon the trial in the district court was whether the box of goods in dispute had in fact been delivered by defendant to plaintiff. The evidence was somewhat conflicting, but the jury having decided this question in plaintiff's favor, under proper instructions. this court should not grant a new trial unless there is an entire absence of evidence to support the verdict. Witherell v. Mil. St. P. Ry. Co., 24 Minn. 410; Blanchard v. Loges, 9 N. W. (Neb.) 568; Mathews v. Poultney, 33 Barb. 127; House v. Hammond, 39 Barb. 89; Strong v. Blake, 46 Barb. 227; Imhoff v. Ch. & Mil. Railroad Co., 22 Wis. 682.

McCONNELL, J. This action was brought originally in justice's court against the defendant company, as a common carrier of goods, to recover the sum of $100 damages for the loss of a box of household goods transported for Mulligan, over its road, to Lisbon station, and by Mulligan claimed never to have been delivered. Judgment having been rendered for plaintiff in the justice's court, the defendant appealed to the

district court of Ransom county, where the action was again tried, resulting in a verdict and judgment for plaintiff. Defendant moved for a new trial upon the ground that the evidence was insufficient to justify the verdict. Said motion having been denied, judgment was duly entered, and the defendant appeals to this court.

In the consignment of goods to the plaintiff, there were five separate parcels, namely four crates and one box. One of these crates of household goods constitutes the subject of this action. The goods reached Lisbon station, and the plaintiff applied for the goods at the station, found them there, and thereupon executed and delivered to the agent a receipt therefor. He then applied to an employe of the company at the station, named Barr, for his freight. Barr was the baggageman and warehouseman at the station. Plaintiff, living several miles distant, claimed to Barr that his transportation facilities were not equal to carrying the entire consignment at one trip, and asked him and obtained from him his consent to leaving a portion of the articles in the station until a subsequent trip. About a week later, Mulligan applied to Barr for the parcels which he had left, but one of them, forming the subject of this suit, had disappeared. It did not appear from the evidence in the case what authority, if any, Barr had to bind the company by consenting to retain the goods on storage after they had been receipted for to the station agent. It expressly appeared from plaintiff's own evidence that the station agent knew nothing of plaintiff's intention to leave the goods in the warehouse after the execution of the receipt.

In plaintiff's cross-examination he testified as follows: "Question. Did not Boyden, the agent, tell you, when you receipted for them when they first came, that he delivered all five packages to you. If you left them there, it would be at your own risk? Answer. No such conversation occurred at all. When I asked him if my packages were there, he said they were. Q. You receipted for all five? A. Certainly. Q. Didn't he inform you that he delivered them to you. If you left them there you left them at your own risk? A. No, sir;

he didn't know that I was going to leave them. Q. Did you have any talk with Mr. Barr at that time? A. Yes, sir; I told him I couldn't take them all that night. I would leave them there,—take the others the next time I was in." Boyden, the station agent, in his evidence says that he was not present in the warehouse at either time when the plaintiff applied for his goods. The transaction, therefore, appears to have been this: The company, as common carrier, received Mulligal's packages at St. Paul, and transported them safely to Lisbon station, and landed them in its warehouse. After their arrival, plaintiff applied to the proper authority, namely, the agent in charge of the station, received delivery of the goods, and receipted for them. There is no pretense whatever that the goods were not all there, and turned over to him. Hence the contract of the company as a common carrier was fully satisfied.

It nowhere appears that Barr had any authority to enter into any contract whatever on the part of the company, or to assume any obligation in its behalf. It expressly appears, and is admitted by the plaintiff, that the station agent, who it must be assumed possessed all the authority of the company at the station, did not even know of the plaintiff's intention to leave the parcels, or a part of them, after they had been delivered to him and he had receipted for them. It must be assumed that the transaction by which Barr consented to permit the goods to remain was simply his own private arrangement, to which the company had never become a party. If, therefore, Barr lost the goods, he lost them, not as a custodian for the company, but as the custodian of the plaintiff.

The plaintiff failed to make out any case against the railroad company, and the verdict should have been for the defendant.

The judgment is reversed. All the justices concurring.